UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DIRETHEA GILLIAM, individually and on behalf of her minor children J.D., and L.D.,

                    Plaintiffs,

          -against-

JOHN B. MATTINGLY, individually and as Commissioner;
FREDRINA WESTON, individually and as supervisor;
RHONDA SEALEY, individually and as supervisor;
TANIYA MINGO, individually and as manager;
LYNETTE DALY, individually and as caseworker;
MICHELLE ALBA-ODOM, individually and as caseworker;
and the CITY OF NEW YORK,

                    Defendants.

------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 23 2007 ★
BROOKLYN OFFICE

07-CV- 4426
COMPLAINT

WEINSTEIN, J.

POLLAK, M.J

Plaintiffs Direthea Gilliam, J.D., and L.D., appearing by their attorneys, LANSNER & KUBITSCHEK, complain of the defendants as follows:

## I. PRELIMINARY STATEMENT

1.     This is a civil rights action, pursuant to 42 U.S.C. §1983, in which plaintiffs seek damages to redress the deprivation, under color of state law, of rights secured to them under the First, Fourth and Fourteenth Amendments of the United States Constitution. Plaintiffs also seek damages for the deprivation of their rights under New York law. Defendants removed infant plaintiffs from the custody of their mother, the plaintiff, without consent, probable cause, or due process of law and detained the infant plaintiffs overnight. Defendants also maliciously prosecuted plaintiff Direthea Gilliam from July 26, 2006, to May 22, 2007. Under the guise of child protection, defendants routinely harass and terrorize victims of domestic violence and their children, violating their fundamental constitutional rights.

## II. JURISDICTION

2.     Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(3) and (4),

which provide for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. The court has pendent jurisdiction over plaintiffs' state law claims.

### III. PARTIES

3. Plaintiff Direthea Gilliam is the mother of infant plaintiffs J.D., born January 28, 1993, and L.D., born March 16, 2000. Plaintiffs are currently residents of Goshen which is located in the State of New York. At the time of the events giving rise to the present action, plaintiffs were residents of the City of New York.

4. Defendant City of New York ("City") is a municipal corporation, incorporated pursuant to the laws of the State of New York. Defendant City's Administration for Children's Services ("ACS") is authorized by New York State law to investigate complaints of child abuse and neglect and to offer rehabilitative and preventive services to children and parents

5. Defendant John B. Mattingly is Commissioner of ACS, and is sued in his individual and official capacities.

6. As Commissioners of ACS, defendant Mattingly is responsible for making and/or approving policies for ACS, including policies regarding the investigation of alleged child abuse or maltreatment, the removal and detention of children from their families, the filing of neglect and abuse petitions in New York City Family Court, and the training and supervision of employees of ACS.

7. As Commissioner of ACS, defendant Mattingly is responsible for ACS's compliance with the Constitution, statutes, regulations, and common law of the United States and the State of New York.

8. Upon information and belief, from April to September, 2006, defendant

2

Lynette Daly was employed by defendant City as a child protective specialist for ACS

9. Upon information and belief, from April, 2006 to September, 2006, defendant Rhonda Sealey was employed by defendant City as a supervisor I for ACS, who was assigned to supervise defendant Daly.

10. Upon information and belief, from September, 2006 to May, 2007, defendant Michelle Alba-Odom was employed by defendant City as a child protective specialist for ACS.

11. Upon information and belief, from April, 2006 to May, 2007, defendant Fredrina Weston was employed by defendant City as a supervisor II for ACS, who was assigned to supervisee defendants Daly, Alba-Odom, and Sealey.

12. Upon information and belief, from April, 2006 to May, 2007, defendant Taniya Mingo was employed by defendant City as a manager for ACS, who was assigned to supervise defendants Daly, Alba-Odom, Sealey, and Weston.

### IV. FACTS

13. Plaintiff and infant plaintiffs have resided together for infant plaintiffs' entire lives, except for the incident which is the subject of this action.

14. Plaintiff has always provided her children with excellent care. She has never abused, neglected, or otherwise mistreated them.

15. On April 18, 2006, in plaintiffs' home in the Bronx, New York, plaintiff's husband physically assaulted and attempted to stab plaintiff's sixteen-year-old son, B.D., who is not a party to the present action. When plaintiff tried to stop her husband from stabbing her son, Mr. D. cut plaintiff's arm with the knife that he was holding. That incident was the first time that plaintiff's husband assaulted one of her children or assaulted her in front of the children.

16. Plaintiff immediately called the police, who arrested plaintiff's husband

3

that same night.

17. The criminal court, Bronx County, released plaintiff's husband from jail on April 21, 2006, but plaintiff did not permit her husband to return to live with her and her three children.

18. On May 24, 2006, Defendants City, Mattingly, Mingo, Sealey, Daly, and Weston commenced a child neglect proceeding against plaintiff's husband in Bronx County Family Court, based on the incident of April 18, 2006. That same day, the Family Court issued a temporary order of protection against plaintiff's husband, prohibiting him from having any contact with plaintiff, B.D., J.D, or L.D. The order expired on June 19, 2006. A copy of the order was provided to plaintiff.

19. On June 19, 2006, the Family Court issued a new temporary order of protection against plaintiff's husband with the same terms, which expired on June 30, 2006. On June 30, 2006, the Family Court issued an identical temporary order of protection against plaintiff's husband, which expired on July 31, 2006.

20. Defendants Sealey, Daly, Weston, and Mingo neither notified plaintiff nor provided plaintiff with copies of either the June 19 or June 30, 2006 temporary orders of protection. To plaintiff's knowledge, no temporary order of protection was in effect after June 19, 2006.

21. Nevertheless, between May 24 and July 25, 2006, plaintiff did not let her husband come to her home and did not let any of the children spend time with him.

22. Between May 24 and July 25, 2006, defendants Sealey and Daly made several visits to plaintiff's home and saw firsthand that B.D., J.D., and L.D were well cared for. The children told defendants Sealey and Daly that their father, plaintiff's husband, did not come to the home and that they did not spend time with him.

23. Nevertheless, upon information and belief, on July 25, 2006, defendants Daly and Sealey, with the knowledge and consent of defendants Weston and Mingo, decided to remove L.D. and J.D. from plaintiff's care.

24. Upon information and belief, on the night of July 25, 2006, defendants Daly and Sealey directed fellow ACS employee Howard Bent to remove J.D. and L.D. from plaintiff's care without court order or prior notice to plaintiff.

25. Upon information and belief, prior to removing the children, defendants failed to consult with ACS's domestic violence specialists, as required by the stipulation in Nicholson v. Scoppetta, cv-00-2229 (E.D.N.Y)

26. At the time of the removal, defendants Sealey, Weston, Mingo, and Daly knew or recklessly disregarded the fact that L.D. and J.D. would not be in imminent danger if they remained in plaintiff's care.

27. On July 26, 2006, defendant Daly, with the knowledge and consent of defendants Sealey, Weston and Mingo, commenced child protective proceeding against plaintiff, alleging that plaintiff had "violated" the aforementioned temporary orders of protection by allowing her children to spend time with her batterer several times after May 24, 2006.

28. Said charges against plaintiff were false, and defendants Daly, Sealey, Weston, and Mingo knew or recklessly disregarded the fact that said charges were false.

29. On July 26, 2006, plaintiff appeared in the Bronx County Family Court, at which time the Family Court ordered the immediate return of L.D. and J.D. to plaintiff's care.

30. Despite the Family Court's order, plaintiff's demonstrated exceptional care of her children, and the lack of probable cause to believe plaintiff had abused or neglected her children, defendants continued to maliciously prosecute plaintiff maliciously.

31. Upon information and belief, in September 2006, defendant Alba-Odom

5

was assigned as the child protective specialist for plaintiff's case. Defendant Alba-Odom, at the direction of defendants Weston and Mingo, continued to maliciously prosecute plaintiff until May 22, 2007.

32. During the more than nine months that defendants continued to maliciously prosecute plaintiff, plaintiff was forced to forego time with her children and miss many days of work, to attend conferences and court dates.

33. Upon information and belief, all of the actions of defendants Daly and Alba-Odom were taken under the supervision and at the direction of defendants Weston, Sealey and Mingo, and with the tacit approval of defendant Mattingly.

34. Within ninety days (90) after the claim upon which the complaint arose, plaintiff caused a notice of claim in writing, sworn to by plaintiff, to be served upon defendant City of New York. At least thirty days have elapsed since the service of said notice and no payment has been made on said claim.

## V. FIRST CAUSE OF ACTION

35. Plaintiffs reallege and incorporate by reference paragraphs 1 through 34.

36. Upon information and belief, defendants City of New York and Mattingly have a policy of removing and detaining children from mothers who are victims of domestic violence without probable cause to believe that continuing in the care of their mothers presents an imminent danger to the children's life or health, without due process of law, and based upon constitutionally inadequate investigations.

37. Acting pursuant to said policy, and without probable cause to believe that continuing in the care of their mother presented an imminent danger to the children's life or health and without due process of law, and based upon a constitutionally inadequate investigation, defendants City of New York, Sealey, Weston, Mingo, and Daly caused an ACS

employee to enter plaintiff's home and remove infant plaintiffs from plaintiff's custody.

38. Acting pursuant to said policy, without probable cause to believe that continuing in the care of his mother presented an imminent danger to the child's life or health and without due process of law, and based on a constitutionally inadequate investigation, defendants Sealey, Daly, Weston, and Mingo detained infant plaintiffs in government custody overnight.

39. Said policy, and the removal and detention effectuated pursuant to said policy, constituted an unlawful interference with plaintiff's liberty interest in her association with and her care and custody of her children, the infant plaintiffs herein, and an unlawful seizure of the infant plaintiffs in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution. Said policy, and its implementation, were gross deviations from acceptable professional conduct.

40. In the alternative, defendants City of New York and Mattingly failed to adopt policies requiring their employees to remove children only if they had probable cause to believe that continuing in the care of their mothers presented an imminent danger to the child's life or health, only if they provided due process of law to the child and parents, and only if they had properly investigated to determine said factors. Defendants City of New York and Mattingly knew or should have known that said failure would cause defendants' agents and employees to remove and detain children without probable cause to believe that continuing in the care of their mothers presents an imminent danger to the children's life or health and without due process of law, in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution.

41. Defendants City of New York, and Mattingly knew or should have known that their failure to adopt a policy regarding the removal of children from their parents would cause defendants' agents and employees to violate children's and parents' rights to live together as

a family without state intervention, contrary to the First and Fourteenth Amendments to the United States Constitution.

42. As a result of the defendants' actions, plaintiff suffered the loss of the association with her children and the custody and services of her children, the infant plaintiffs suffered the loss of liberty and the loss of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## VI. SECOND CAUSE OF ACTION

43. Plaintiffs reallege and incorporate by reference paragraphs 1 through 42.

44. Defendants City of New York and Mattingly provided grossly inadequate and unprofessional training and supervision to their agents and employees regarding:

    a. investigating child abuse and neglect cases involving mothers who are victims of domestic violence;

    b. determining whether there exists probable cause to believe that continuing in the care of their mothers presents an imminent danger to the children's life or health to remove or detain children whose mothers are domestic violence victims;

    c. the provision of notice and an opportunity to be heard prior to the removal of children; and

    d. the constitutional rights of parents and children in child welfare investigation;

45. Defendants City of New York and Mattingly knew or should have known that their employees were improperly trained and supervised in said issues.

46. Defendants City of New York and Mattingly knew or should have know that their employees would confront said issues in their work and that, without training, would make the wrong decisions on said issues.

8

47. By reason of their lack of training, defendants Sealey, Mingo, Weston, and Daly improperly ordered the removal of the infant plaintiffs from the custody of plaintiff.

48. By reason of their lack of training, defendants Sealey, Weston, Mingo, and Daly detained infant plaintiffs from plaintiff overnight without adequate notice to plaintiff, without adequate investigation, without probable cause and without due process of law in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

49. As a result of the defendants' actions, plaintiff suffered the loss of the association with her children and the custody and services of her children, the infant plaintiffs suffered the loss of liberty and loss of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## VII. THIRD CAUSE OF ACTION

50. Plaintiffs reallege and incorporate by reference paragraphs 1 through 49.

51. By removing and detaining the infant plaintiff from plaintiff, defendants unlawfully interfered with plaintiff's custody of her minor children.

52. As a result of the defendants' actions, plaintiff suffered the loss of the association with her child and the custody and services of her children, the infant plaintiffs suffered the loss of liberty, and the loss of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## VIII. FOURTH CAUSE OF ACTION

53. Plaintiffs reallege and incorporate by reference paragraphs 1 through 52.

54. By removing and detaining the infant plaintiffs, defendants unlawfully imprisoned infant plaintiffs.

55. As a result of the defendants' actions, plaintiff suffered the loss of the association with her child and the custody and services of their children, the infant plaintiffs

suffered the loss of liberty and the loss of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## IX. FIFTH CAUSE OF ACTION

56. Plaintiffs reallege and incorporate by reference paragraphs 1 through 55.

57. Upon information and belief, defendants City of New York and Mattingly had, at all times material, a policy of filing child protective proceedings maliciously and without probable cause against mothers who are victims of domestic violence.

58. Acting pursuant to said policy, on or about July 26, 2006, defendants City of New York, Mattingly, Sealey, Weston, Mingo, and Daly commenced child neglect proceedings against plaintiff maliciously and without probable cause.

59. Acting pursuant to said policy, from July 26, 2006 until May 22, 2007, defendants City of New York, Mattingly, Sealey, Weston, Mingo, Daly, and Alba-Odom continued to prosecute plaintiff in the Family Court, willfully, maliciously, without probable cause, and for reasons other than to see justice done.

60. In commencing and continuing said charges, defendants City of New York, Mattingly, Sealey, Weston, Mingo, Daly, and Alba-Odom, acting under color of state law, in gross and wanton disregard of plaintiff's rights, violated plaintiff's right to be free of malicious prosecution, under the Fourth and Fourteenth Amendments of the United States Constitution.

61. In the alternative, defendants City of New York and Mattingly failed to adopt any policies or standards for deciding whether to file child protective proceedings in Family Court against mothers who are victims of domestic violence.

62. Defendants City of New York and Mattingly knew, or should have known, that their failure to adopt policies or standards would cause their employees to abuse government power by filing child protective proceedings maliciously against women who are

domestic violence victims.

63. As a result of the defendants' actions, plaintiff suffered the loss of the association with her children and the custody and services of her children, the infant plaintiffs suffered the loss of liberty and the loss of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## X. SIXTH CAUSE OF ACTION

64. Plaintiffs reallege and incorporate by reference paragraphs 1 through 63.

65. In commencing and continuing child protective proceedings against plaintiff in the Family Court, defendants prosecuted plaintiff maliciously and without probable cause, in violation of the laws of the State of New York.

66. As a result of the defendants' actions, plaintiff suffered the loss of the association with her children and the custody and services of her children, the infant plaintiffs suffered the loss of liberty and the loss of the care and guidance of their mother; and all plaintiffs suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

## XI. SEVENTH CAUSE OF ACTION

67. Plaintiffs reallege and incorporate by reference paragraphs 1 through 83.

68. All of the defendants had a duty to act with reasonable care toward plaintiff and with the highest degree of care toward the infant plaintiffs.

69. Defendants' removal and detention of the infant plaintiffs and defendants' prosecution of plaintiff constituted gross breaches of said duty and gross deviations from accepted professional standards.

70. As a result of the defendants' actions, plaintiff suffered the loss of the association with her children and the custody and services of her children, the infant plaintiff suffered the loss of liberty and the loss of the care and guidance of their mother, and all plaintiffs

11

suffered extreme humiliation, pain and suffering, terror, mental anguish, and depression.

  **WHEREFORE** plaintiffs respectfully request that judgment be entered:

   1. Awarding plaintiff and the infant plaintiffs full and fair compensatory damages; and

   2. Awarding plaintiff and the infant plaintiffs full and fair punitive damages as; and

   3. Awarding plaintiff and the infant plaintiffs interest from July 25, 2006; and

   4. Awarding plaintiff and the infant plaintiffs reasonable attorney fees pursuant to 42 U.S.C. 1988; and

   5. Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
   October 23, 2007

*/s/ Darius Charney*
Darius Charney (DC1619)
LANSNER & KUBITSCHEK
Attorney for Plaintiffs
325 Broadway
New York, NY 10007
212-349-0900
dcharney@lanskub.com